60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Najib MANSUR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1544.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1995.
 
 Before: WELLFORD, NELSON, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Najib Mansur, appeals from the district court's grant of summary judgment for the defendant, the Secretary of Health and Human Services, in this suit challenging the Secretary's denial of Mansur's application for Supplemental Security Income under the Social Security Act, Title XVI, codified at 42 U.S.C. Sec. 1381 et seq. Mansur's appeal raises one issue: Whether the Secretary's decision that Mansur can perform his past work is supported by substantial evidence.
 
 
 2
 We conclude that Mansur's appeal is without merit, and so we affirm the district court's grant of summary judgment for the Secretary.
 
 I.
 
 3
 The facts in this case were carefully set out in both the opinion of the administrative law judge and the report and recommendation of the magistrate judge. Finding no need to repeat the prior opinions, we set out the facts only in summary form. Mansur was born in Iraq in 1931 and spent most of life there. He worked as a bank supervisor in Iraq from 1957 to 1981, when he retired and left Iraq intending to join his sons in the United States. From 1981 to 1983, Mansur lived in Italy while waiting for a visa to enter the United States. He has lived in the Metropolitan Detroit area since 1983, and has never been employed since immigrating to the United States.
 
 
 4
 Mansur has numerous ailments from which he claims to have suffered since as early as 1957. His primary ailment is coronary artery disease. Mansur underwent quintuple bypass surgery on January 16, 1989, and his recovery was good. He also suffers from neck and back pain, hearing loss, and infrequent gas pains.
 
 II.
 
 5
 Under 42 U.S.C. Sec. 405(g), the Secretary's findings are conclusive if they are supported by substantial evidence. The Secretary's disability determination involves a five-step evaluation as set out at 20 C.F.R. Sec. 420.619 (1994). The Secretary determined, at the fourth step, that Mansur was not disabled; that is, the Secretary determined that Mansur could perform his past work as a bank supervisor. This determination is strictly medical: Even if the past work no longer exists or does not exist in the United States, so long as the claimant is medically able to perform the past work, then the claimant is not disabled. Garcia v. Secretary of Health & Human Servs., 46 F.3d 552 (6th Cir.1995).
 
 III.
 
 6
 After a careful review of the entire record, we are satisfied that there is substantial evidence to support the Secretary's conclusion that Mansur is still medically able to perform his past work as a bank supervisor and is, therefore, not disabled. Consequently, we must AFFIRM the district court's grant of summary judgment for the Secretary.